IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLIFTON ANDERSON,

    Plaintiff,

v.                                                                                     C.A. No.: 1:21-cv-584

AED CABLE SOLUTION, LLC,
DCOMM, INC., EDWIN T. DORZON, JR.,
and HAKAN S. BALTAOGLU,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLIFTON ANDERSON, by and through his undersigned counsel, hereby sues Defendants, AED CABLE SOLUTION, LLC, DCOMM, INC., EDWIN T. DORZON, JR., and HAKAN S. BALTAOGLU, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants, AED CABLE SOLUTION, LLC, and DCOMM, INC., have offices Travis County, Texas.

## BACKGROUND FACTS

4. Plaintiff, CLIFTON ANDERSON, is an individual residing in Mosinee, Wisconsin.

5. From November of 2019 through June 2020, Plaintiff, CLIFTON ANDERSON, worked for Defendants, AED CABLE SOLUTION, LLC, and DCOMM, INC., as an "cable installer "and was paid on a piece rate basis.

6. Plaintiff's duties included the regular and recurring use of the instrumentalities and channels of interstate commerce, e.g., installing cable television, internet and telephone systems for the clients of Spectrum Cable

7. Defendants, AED CABLE SOLUTION, LLC, and DCOMM, INC. provide range of services to the cable and cable products industry that include installation cable television, internet, and phone systems.

8. Defendant, EDWIN T. DORZON, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, AED CABLE SOLUTION, LLC, in relationship to Plaintiff.

9. Defendant, EDWIN T. DORZON, JR., is the owner and operator of

Defendant, AED CABLE SOLUTION, LLC.

10. Defendant, EDWIN T. DORZON, JR., had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

11. Defendant, EDWIN T. DORZON, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, AED CABLE SOLUTION, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

12. Defendant, EDWIN T. DORZON, JR., (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

13. Defendant, HAKAN S. BALTAOGLU, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, DCOMM, INC., in relationship to Plaintiff.

14. Defendant, HAKAN S. BALTAOGLU, is the owner and operator of Defendant, DCOMM, INC.

15. Defendant, HAKAN S. BALTAOGLU, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

16. Defendant, HAKAN S. BALTAOGLU, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant,

DCOMM, INC., in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

17. Defendant, HAKAN S. BALTAOGLU, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

18. Defendant, DCOMM, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

19. Plaintiff performed worked which simultaneously benefited Defendants, AED CABLE SOLUTION, LLC, DCOMM, INC., EDWIN T. DORZON, JR., and HAKAN S. BALTAOGLU, or performed work for Defendants, AED CABLE SOLUTION, LLC, DCOMM, INC., EDWIN T. DORZON, JR., and HAKAN S. BALTAOGLU, at different times during the same workweek.

20. Plaintiff was paid by Defendant, AED CABLE SOLUTION, LLC, but was supervised by Defendant, DCOMM, INC.

21. Despite being paid by Defendant, AED CABLE SOLUTION, LLC, Plaintiff:

    a. Was terminated by an employee of Defendant, DCOMM, INC., in June of 2020 for dropping a shift;

    b. Received his work schedules from Defendant, DCOMM, INC.;

   c. Was required to have a sign on each side of his truck for Defendant, DCOMM, INC.; and,

   d. Was in communication with Defendant, DCOMM, INC., throughout his work day.

22. Defendant, DCOMM, INC., provided Plaintiff with his work materials.

23. Defendant, DCOMM, INC., disciplined Plaintiff and other installers for refusing a shift or turning down work.

24. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. Specifically, Plaintiff handled and utilized, *inter alia*, a cable boxes, wiring, modems and routers that Defendants received from Charter Communications (a/k/a "Spectrum") in Stamford, Connecticut.

25. At all times material to this complaint, Defendants, AED CABLE SOLUTION, LLC, and DCOMM, INC., jointly and severally, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

26. At all times material to this complaint, Defendants, AED CABLE SOLUTION, LLC, and DCOMM, INC., jointly and severally, were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the

production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

27. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

28. Additionally, Plaintiff was individually engaged in commerce or in the production of goods for commerce and his work was essential to Defendant's business.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

29. Plaintiff 1) occupied the position of "cable installer;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an a piece rate basis.

30. While Defendants labelled Plaintiff as an "independent contractor," Plaintiff was an employee of the Defendants because each Defendant, separately and individually:

   a. Exercised substantial control over Plaintiff's work and how/when the work was performed;

   b. Provided the materials and supplies Plaintiff used for his work;

   c. Provided substantial relative investments in comparison to the

        Plaintiff;

    d. Determined Plaintiff's opportunity for profit or loss;

    e. Provided training to otherwise unskilled and unexperienced cable installers;

    f. Had a permanent relationship with Plaintiff.

31. The process of assigning jobs was performed by Defendant, DCOMM, INC. On a typical workday, Plaintiff was required to be at his first assigned job by 8:00 a.m. Defendants provided Plaintiff with a one hour window in which jobs were to be performed. Plaintiff could not choose the order in which he performed jobs within a given window without permission and authorization from Defendant, DCOMM, INC. Moreover, Defendants retained a portion of Plaintiff's earnings in the event of charge-backs or if another installer was called out to complete or repair a job. In fact, Defendants have retained just under $1,000.00 of Plaintiff's earnings without justification or explanation.

32. The employment arrangement between Plaintiff and the Defendants was "one employment" for purposes of determining compliance with the FLSA's wage and hour requirements.

33. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

34. Plaintiff was not paid for his overtime work in accordance with the

FLSA.

35. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

36. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

37. In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 72 hours in workweek. Plaintiff typically worked twelve hour days, six days per workweek.

38. Defendants' policy of not properly paying overtime is company-wide and was willful.

39. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

40. Defendants failed to act reasonably to comply with the FLSA.

41. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

42. As a result of Defendants' unlawful conduct, Plaintiff is entitled to

actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

43. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CLIFTON ANDERSON, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff re-alleges and incorporates herein paragraphs 1-5, *supra*.

30. This claim is properly before this Court pursuant to 28 U.S.C. § 1367, as this claim is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.

31. On or about November of 2019, Plaintiff and Defendant, AED CABLE SOLUTION, LLC, entered into a verbal agreement for employment.

32. Pursuant to the terms of the Parties' employment agreement, Defendant, AED CABLE SOLUTION, LLC, withheld monies from Plaintiff's pay to cover "charge-backs."

33. In furtherance of the Parties' employment agreement, Defendant, AED CABLE SOLUTION, LLC, withheld approximately $1,000.00 from Plaintiff's wages that should have been paid to him at the time Defendants terminated Plaintiff's employment.

34. Defendant breached the Parties' agreement by not paying Plaintiff the $1,000.00 that it has unjustly withheld for the Plaintiff, without explanation.

35. As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

36. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, AED CABLE SOLUTION, LLC, for the following:

e. Awarding Plaintiff his unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

f.  Awarding Plaintiff pre-judgment interest as provided by law,;

g.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CLIFTON ANDERSON, demands a jury trial on all issues so triable.

Respectfully submitted June 30, 2021.

**ROSS • SCALISE LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**